UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| RYAN R. KINNERSON | CIVIL ACTION NO: 16-cv-720 |
| VERSUS | JUDGE |
| ARENA OFFSHORE, LP, SPARROWS OFFSHORE, LLC and TEXAS CREW BOATS, INC. | MAG. JUDGE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUIT UNDER THE GENERAL MARITIME LAW OF THE UNITED STATES OF AMERICA

NOW INTO COURT, comes petitioner, **RYAN R. KINNERSON**, a resident of the full age of majority of Lafayette, Louisiana, who respectfully represents:

1.

This case is cognizable under the Admiralty and Maritime jurisdiction pursuant to the General Maritime Law of the United States of America.

Furthermore, this is an admiralty and maritime claim falling within the purview of Rule 9(h) of the Federal Rules of Civil Procedure. Petitioner elects a non-jury trial.

2.

Made defendants herein are:

(A) **ARENA OFFSHORE, LP**, (hereinafter, **"ARENA"**), a foreign corporation authorized to do and doing business within the State of Louisiana at the time of the alleged incident complained of herein, and, whose registered agent for

service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808.

(B) **SPARROWS OFFSHORE, LLC**, (hereinafter, **"SPARROWS"**), a foreign corporation authorized to do and doing business within the State of Louisiana at the time of the alleged incident complained of herein, and, whose registered agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808.

(C) **TEXAS CREW BOATS, INC.**, (hereinafter, **"TEXAS"**), a foreign corporation authorized to do and doing business within the State of Louisiana at the time of the alleged incident complained of herein, and, whose corporate office is domiciled at 222 West Second Street, Freeport, Texas 77542

**3.**

That on or about May 25, 2015, Oceaneering International, Inc., (hereinafter, **"OCEANEERING"**) as per contractual agreement with defendant, **"ARENA"**, was performing NDT (Non-Destructive Testing) work aboard **"ARENA'S"** offshore platform located at Eugene Island Block 338K in the Gulf of Mexico off the Louisiana Coast.

**4.**

That on or about May 25, 2015, petitioner, **RYAN R. KINNERSON**, was employed by and actually working within the course and scope of his employment for **"OCEANEERING"**, as a Level II NDT Technician, aboard the above-mentioned platform.

5.

That on or about May 25, 2015, defendant, **"SPARROWS"** as per contractual agreement with defendant, **"ARENA"**, was performing maintenance work on **"ARENA'S"** cranes located on the above-mentioned platform.

6.

That on or about May 25, 2015, defendant, **"TEXAS"**, as per contractual agreement with defendant, **"ARENA"** was providing transportation services to the above-mentioned platform with the M/V Ms. Claire, owned and operated by defendant, **"TEXAS"**.

7.

That on or about May 25, 2015, petitioner, **RYAN R. KINNERSON**, and several other individuals were being offloaded from the above-mentioned **"ARENA"** platform by **"ARENA'S"** platform crane onto the deck of the M/V Ms. Claire in **"ARENA'S"** personnel basket. A **"SPARROWS"** employee was operating **"ARENA'S"** platform crane. As the personnel basket approached the deck of the M/V Ms. Claire, the deckhand located on the back deck of the M/V Ms. Claire grabbed the personnel basket's tag line in order to control its descent. Upon doing so, the basket's tag line broke causing the basket to spin out of control. Due to the deckhand's radio being inoperable the deckhand could not properly communicate with the **"SPARROWS"** crane operator and inform him about the parted tag line and the spinning basket. As a result, the **"SPARROWS"** crane operator continued lowering the personnel basket to the deck of the M/V Ms. Claire. The personnel basket

violently struck the M/V Ms. Claire's railing throwing petitioner off the personnel basket onto the deck of the M/V Ms. Claire thereby causing petitioner to sustain severe disabling personal injuries.

**8.**

The aforedescribed incident and personal injuries to petitioner were caused as a direct result of the negligence of defendants, **"ARENA"** and/or **"SPARROWS"** and/or **"TEXAS"**, its/their agents, servants and/or employees or anyone else for whom it/they may be responsible in the following non-exclusive particulars:

a. Failing to provide petitioner with a safe place to work;

b. Failing to provide proper equipment to perform the job;

c. Failing to properly warn petitioner of the personnel basket defect;

d. Failing to provide proper supervision and instruction;

e. Violating any and all applicable safety statutes intended to protect petitioner; (negligence per se); and

f. Any other acts of negligence which may be proven at or before the trial of this matter.

**9.**

As a direct and proximate result of the aforementioned negligent acts of defendants, **"ARENA"** and/or **"SPARROWS"** and/or **"TEXAS"**, its/their agents, servants and/or employees or anyone else for whom it/they may be responsible, petitioner has

sustained severe and permanently disabling injuries which combine to cause the following pecuniary and non-pecuniary losses, to-wit:

    a.    Physical and mental pain and suffering, past, present and future;

    b.    Mental anguish and emotional distress, past, present and future;

    c.    Loss of wages and benefits and impairment of earning capacity, past, present and future;

    d.    Medical and pharmaceutical expenses, past, present and future;

    e.    Loss of enjoyment of life, past, present and future; and

    f.    Permanent physical disability and impairment of bodily function, past, present and future.

All in amounts reasonable in the premises to be determined at the trial of this matter, plus legal interest and cost from date of judicial demand until paid.

WHEREFORE, petitioner, **RYAN R. KINNERSON**, prays that defendants, **"ARENA", "SPARROWS"** and **"TEXAS"**, be served with a copy of this petition and cited to appear and answer same within the delays provided by law and that after the expiration of all legal delays and due proceedings had, there be judgment rendered herein in favor of petitioner, and against defendants jointly, severally and in solido for such damages as are reasonable in the premises, together with legal interest thereon and for all costs of these proceedings as provided by law.

Further, for all other just and equitable relief.

Respectfully submitted,

DOMENGEAUX WRIGHT ROY
EDWARDS & COLOMB, LLC

BY: */s/ Thomas R. Edwards*
    Thomas R. Edwards - 5296
    556 Jefferson Street, Suite 500
    Post Office Box 3668
    Lafayette, Louisiana 70502-3668
    Telephone: (337) 233-3033
    Facsimile: (337) 232-8213
    E-mail: tome@wrightroy.com
    ***Attorney for Plaintiff, Ryan R. Kinnerson***