UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RYAN R. KINNERSON                           CIVIL ACTION NO: 6:16-CV-00720

VERSUS                                       JUDGE REBECCA F. DOHERTY

ARENA OFFSHORE L.P.,                        MAGISTRATE JUDGE CAROL B.
SPARROWS OFFSHORE, LLC.,                                     WHITEHURST
AND TEXAS CREW BOATS, INC.
*************************************************************************

RULE 26(f) REPORT - PHASE I

Trial Date:       December 4, 2017

Pretrial Conference Date:   November 21, 2017

Type of Trial:    Bench

Estimated length of trial is    2-3    court days.

1.  Participants:

    Thomas R. Edwards - 5296
    **Domengeaux Wright Roy Edwards & Colomb, LLC**
    556 Jefferson Street, Suite 500
    P. O. Box 3668
    Lafayette, Louisiana   70502-3668
    Telephone: (337) 233-3033
    Facsimile: (337) 232-8213
    E-mail: tome@wrightroy.com
    *Attorney for Plaintiff, Ryan R. Kinnerson*


    Kevin P. Merchant - 24559
    Carolyn C. Cole - 33066
    **Neuner Pate**
    One Petroleum Center, Suite 200

1001 West Pinhook Rd.
Lafayette, LA 70505
Telephone: (337) 237-7000
Facsimile: (337) 233-9450
E-mail: kmerchant@neunerpate.com
*Attorneys for defendant, Arena Offshore L.P.* (hereinafter "ARENA")


L. Lane Roy
**Brown Sims**
Chase Tower
600 Jefferson St., Suite 800
Lafayette, La 70501
Telephone: (337) 484-1240
Facsimile: (337) 484-1241
E-mail: lroy@brownsims.com
*Attorney for defendant, Sparrows Offshore, Inc.* (hereinafter "SPARROWS")


Georges M. Legrand - 8282
Daniel J. Hoerner - 21706
Juan Obregon - 35273
*Mouledoux, Bland, Legrand & Brackett, LLC*
701 Poydras St., Suite 4250
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
E-mail: glegrande@mblb.com
E-mail: dhoerner@mblb.com
E-mail: jobregon@mblb.com
*Attorneys for defendant, Texas Crew Boats, Inc.* (hereinafter "TEXAS")


2. **Affirmation Regarding Initial Disclosures:**

The parties affirm they have complied with the Initial Disclosure requirements of

F.R.C.P. 26(a)(1) by the deadline contained in the Court's Scheduling Order.

3. **Jurisdictional Basis:**

This case is cognizable under the Admiralty and General Maritime Law. Furthermore, this is an admiralty and maritime claim falling within the purview of Rule 9(h) of the Federal Rules of Civil Procedure. Petitioner elects a non-jury trial.

**Arena Energy LP**

Jurisdiction in this Court is not contested.

**Texas Crew Boats, Inc.**

Texas Crew Boats, Inc. does not contest jurisdiction.

4. **Brief Statement of Claims:**

On or about May 25, 2015, petitioner, Ryan R. Kinnerson, was permanently employed by and actually working within the course of scope of his employment for Oceaneering International, Inc., as a Level II NDT Technician, aboard "ARENA's" offshore platform located at Eugene Island Block 338K in the Gulf of Mexico.

At the time of the incident, defendant, "SPARROWS", as per contractual agreement with defendant "ARENA", was performing maintenance work on "ARENA's" cranes located on the above-mentioned platform.

At the time of the incident, defendant, "TEXAS", as per contractual agreement with defendant, "ARENA", was providing transportation services to the above-mentioned platform with the M/V Ms. Claire, owned and operated by defendant, "TEXAS".

At the time of the incident, petitioner, Ryan R. Kinnerson, and several other individuals were being offloaded from the above-mentioned "ARENA" platform by "ARENA's" platform crane onto the deck of the M/V Ms. Claire in "ARENA's" personnel basket. A "SPARROWS" employee was operating "ARENA's" platform crane. The "SPARROWS" crane operator did not have a signal man. As the personnel basket approached the deck of the M/V Ms. Claire, the deckhand located on the back deck of the M/V Ms. Claire grabbed the personnel basket's tag line in order to control its descent. Upon doing so, the basket's tag line broke/parted causing the basket to spin out of control. Due to the M/V Ms. CLAIRE's deckhand's radio being inoperable the deckhand could not properly communicate with the "SPARROWS" crane operator and inform him about the broken/parted tag line and the spinning basket. As a result, the "SPARROWS" crane operator continued lowering the personnel basket onto the deck of the M/V Ms. Claire. The personnel basket violently struck the M/V Ms. Claire's railing throwing petitioner off the personnel basket onto the deck of the M/V Ms. Claire thereby causing petitioner to sustain severe disabling personal injuries to his back.

5.  **Brief Statement of Responses:**

**Arena Energy, LP**

Arena was not the Jones Act employer of Ryan R. Kinnerson and, as such, Ryan R. Kinnerson does not have a claim or cause of action against Arena under the Jones Act. In addition, Arena contends that Ryan R. Kinnerson has not suffered any accident which would have caused his alleged injuries. Moreover, to the extent

that an accident occurred as alleged, which is disputed, Arena asserts that it has no liability under the facts and circumstances of this case and that Ryan R. Kinnerson did not suffer any injury as a result of any negligence or fault attributable to Arena, or any alleged defective or unsafe condition of the personnel basket and/or tagline involved in the personnel basket transfer. Arena further asserts that Ryan R. Kinnerson and his employer, as well as all of the other defendants, were independent contractors and Arena had no obligation to supervise or oversee the details of the work activities. In the alternative, Arena contends that it is immune from tort liability pursuant to the provisions of the LHWCA. Further, Arena cannot be liable for any negligence attributable to any other party or non-parties, including plaintiff's employer. As such, Arena asserts that plaintiff's complaint fails to state a claim or cause of action against Arena upon which relief can be granted, or, alternatively any award to Ryan R. Kinnerson, which is disputed, should be reduced by the proportionate fault of Ryan R. Kinnerson and any other party or non-party.

Arena further contends that Ryan R. Kinnerson's alleged accident and injury, which are disputed, were caused by his sole or contributory negligence. Ryan R. Kinnerson's negligence and fault includes, among other things, failing to properly perform the task he was performing at the time of the alleged accident. In the alternative, Arena contends that any accident or injury allegedly sustained by Ryan R. Kinnerson, which is disputed, resulted from his own knowing and voluntary exposure to normal hazards of his occupation and/or an unavoidable accident or Act

of God, or by an intervening and/or superseding cause for which Arena is not legally responsible. Arena further contends that all of the conditions and circumstances during the operations being performed on the date of the alleged accident were open, obvious, and apparent.

Arena further contends that any damages that were sustained by Ryan R. Kinnerson must be reduced to the extent that Ryan R. Kinnerson failed to mitigate his damages and/or his comparative fault. Finally, if Ryan R. Kinnerson is now suffering from any injury, illness, or disability which pre-existed the alleged accident and/or is a natural progression of a condition which pre-existed the alleged accident, Ryan R. Kinnerson cannot recover damages, if any, to the extent of any such pre-existing disability, injury, illness, or condition. Arena reserves the right to amend and supplement its responses after plaintiff's deposition and as discovery proceeds.

The claims at issue are a mixed question of law and fact.

**Sparrows Offshore, LLC**

Sparrows Offshore, LLC adopts as they relate to Sparrows, all of the responses of Arena Energy, LP. Further, Sparrows states that at all times relevant, the Sparrows' crane operator did have a spotter and was in radio contact with the spotter until the radio connection was interrupted for reasons unknown.

**Texas Crew Boats, Inc.**

Texas Crew Boats, Inc. denies that it or anyone for whom it is or can be held responsible in any way caused or contributed to the plaintiff's accident and resulting injuries and/or damages. Rather, the accident in suit was caused by the fault and/or

neglect of the plaintiff or other persons or parties for whom Texas Crew Boats, Inc. cannot be held responsible. At all times, the Texas Crew Boats, Inc.'s crew acted properly, and the M/V MISS CLAIRE was in good condition and was operated safely and in a proper manner.

The plaintiff claims that Texas Crew Boats, Inc.'s deckhand on the M/V MISS CLAIRE could not properly communicate with the crane operator because his radio was "inoperable". This assertion is inaccurate. Rather, the deckhand's radio was, in fact, in good working order and was operable at all times leading up to the plaintiff's accident; however, the battery from the radio became dislodged when the deckhand was caused to fall to the deck of the M/V MISS CLAIRE when the tag line he was handling from the platform's personnel basket broke. If the radio consequently came inoperable, it was not due to the fault and/or neglect on the part of Texas Crew Boats, Inc., its employees and/or crew of the M/V MISS CLAIRE. Texas Crew Boats, Inc., submits that there is no basis for liability to be imposed against it under these circumstances.

6. **Anticipated Witness List:**

**Petitioner:**

1.  **Ryan R. Kinnerson, Petitioner**
    810 S. College Rd., Apt. 46
    Lafayette, LA 70503

2.  **Rikola Henry**
    Co-worker (Oceaneering)

3.  **Dr. Tony Alleman & Dr. Steven Guillory**
    Occupational Medicine Clinic

   713 S. Lewis St.
   New Iberia, LA 70560

4.  **Dr. Jeffrey Laborde**
   Imaging @ Lafayette Surgical Specialty Hospital
   1025 Kaliste Saloom Rd.
   Lafayette, LA 70508

5.  **Fran C. Mancuso, PT**
   Southern Spine Institute
   1103 Kaliste Saloom Rd., Suite 104
   Lafayette, LA 70508

6.  **Dr. Louis Blanda**
   Lafayette Bone & Joint Clinic
   1103 Kaliste Saloom Rd., Suite 100 &102
   Lafayette, LA 70508

7.  **Dr. Alan J. Appley**
   Acadiana Neurosurgery
   115 Hospital Dr., Suite 100
   Lafayette, LA 70503

8.  Any witness listed by any other party.

9.  Plaintiff reserves the right to amend and supplement this list.

**Arena Energy LP and Sparrows Offshore, LLC**

1.  **Ryan R. Kinnerson** - plaintiff (cross-examination)
   810 S. College, #46
   Lafayette, LA 70503

2.  Charlie Duhon
   c/o Arena

3.  Joey Scheck (Paloma Energy Consultants, LP);

4.  Arnold Breaux (Sparrows Offshore, LLC);

5.  Thomas Dorsey (Performance Energy Services);

6. Daniel Della Penna (Performance Energy Services);

7. Rikola Henry (Oceaneering International, Inc.);

8. Captain Robert Weiss (Texas Crew Boats);

9. Larry Morton (Texas Crew Boats);

10. Kenny Dunn (Texas Crew Boats);

11. Shay Palmer (Texas Crew Boats);

12. Employees and/or representatives of Arena who may have knowledge regarding the circumstances of plaintiff's alleged accident and injuries;

13. Employees and/or representatives of Arena with knowledge of the work being performed on the Eugene Island 338 K platform;

14. Employees and/or representatives of Sparrows Offshore, LLC who may have knowledge regarding the circumstances of plaintiff's alleged accident and injuries;

15. Employees and/or representatives of Texas Crew Boats, Inc. who may have knowledge regarding the circumstances of plaintiff's alleged accident and injuries;

16. Any health care provider who has provided treatment and/or examined Ryan R. Kinnerson for the alleged injuries, as well as prior and or subsequent complaints, subject to this suit, including but not limited to:

    · Dr. Steven Guillory;
    · Dr. Tony Alleman;
    · Dr. Jeff Laborde;
    · Dr. Louis Blanda;
    · Dr. Stan Foster; and
    · Joe Wilson, DC;

17. Yet to be identified expert witnesses

18. Any witness listed by any other party.

**Texas Crew Boats, Inc.**

1. Plaintiff, Ryan Kinnerson, on cross-examination;

2. Dewey "Shay" Palmer;

3. Robert C. Weiss, Jr.;

4. Thomas M. Dupont;

5. Daniel Della Ramon;

6. Henry Rikola

7. Unknown crane operator from the EI338K platform;

8. Other persons employed on the platform and/or by Arena Offshore or Sparrows Offshore;

9. Dr. W. Stanley Foster;

10. Any doctor or healthcare provider who has treated or examined the plaintiff at any time;

11. Chiropractor, Employee, representative from Wilson Chiropractic;

12. Texas Crew Boats, Inc. reserves the right to supplement or otherwise revise this list of witnesses in the future.

7. **Anticipated Expert Witnesses:**

**Petitioner:**

1. Liability Expert(s) to be determined.

2. Vocational Rehabilitation expert to be determined.

3. Life Care Planner expert to be determined

4. Economist to be determined.

### Arena Energy, LP and Sparrows Offshore, LLC

Arena anticipates that it may retain experts, including, but not limited to, an economist, a life care planner, a vocational rehabilitation expert, medical expert(s) and liability expert(s).

### Texas Crew Boats, Inc.

1. Yet to be determined crane/liability expert.

2. Yet to be determined medical expert.

3. Yet to be determined vocational rehabilitation expert.

4. Yet to be determined economist;

5. Yet to be determined life care planner.

Texas Crew Boats, Inc. reserves the right to supplement or otherwise revise this list of expert witnesses in the future.

8. **Exhibit List:**

   **Petitioner:**

   1. Medical Records of Dr. Tony Alleman and Dr. Seven Guillory and/or Occupational Medicine Clinic;

   2. Medical Records of Dr. Jeffrey Laborde and/or Imaging @ Lafayette Surgical Specialty Hospital;

   3. Medical Records of Fran C. Mancuso, PT and/or Southern Spine Institute;

   4. Medical Records of Dr. Louis Blanda and/or Lafayette Bone & Joint Clinic.

   5. Medical Records of Dr. Alan J. Appley and/or Acadiana Neurosurgery;

   6. Any document listed by any other party.

   6. Petitioner reserves the right to amend and supplement this list.

**Arena Energy, LP and Sparrows Offshore, LLC**

1. Any and all medical records regarding plaintiff's alleged pre- and post-incident medical condition or treatment, including, but not limited to, records or diagnostic studies from:

    · Dr. Steven Guillory;
    · Dr. Tony Alleman;
    · Dr. Jeff Laborde;
    · Dr. Louis Blanda;
    · Dr. Stan Foster; and
    · Joe Wilson, DC.

2. Any and all personnel records, including employment applications, physical examinations, medical records, and payroll and benefit information, from any company with whom Ryan R. Kinnerson was employed prior to, at the time of, or subsequent to the alleged incident, including, but not limited to:

    · Oceaneering International, Inc. (Arena does not currently have a copy);

3. Any and all documents regarding the work performed on or about the time of plaintiff's alleged accident in suit, including, but not limited to:
    · Work Orders for the work being performed by Paloma Management, LLC;
    · Job Award Letter dated 9/22/14 to Paloma Energy Consultants, LP;
    · Paloma Energy Consultants, LP reports, invoices and time sheets from 5/16/16 - 5/31/15;
    · Any work orders for the work being performed by Oceaneering;
    · Oceaneering reports, invoices, and time sheets from 5/16/16 - 5/31/15;
    · Passenger manifest for the M/V MISS CLAIRE dated 5/25/15;
    · Vessel logs for the M/V MISS CLAIRE dated 5/1/15 - 5/31/15;
    · Any work orders for the work being performed by Sparrows Offshore, LLC;
    · Sparrows Offshore, LLC reports, invoices, and time sheets for work performed from 5/16/15 to 5/31/15;
    · Sparrows Offshore, LLC Job Safety Environmental analysis dated 5/25/15 for personnel basket transfers;
    · Photographs and schematics of the M/V MISS CLAIRE;

4. Any and all contracts between parties in suit for the work being performed on or about May 25, 2015, including, but not limited to:

    · Master Service Contract between Arena Offshore, LLC and Oceaneering International, Inc. dated 4/16/04;

- Master Service Contract between Arena Offshore, LLC and Paloma Energy Consultants LP dated 4/6/04;
- Master Service Contract between Arena Offshore, LLC and Sparrows Offshore, LLC dated 2/1/12;

5. Ryan R. Kinnerson's social security administration records (Arena does not currently have a copy);

6. Ryan R. Kinnerson's federal and state income tax returns (Arena does not currently have a copy);

7. Ryan R. Kinnerson's academic and training records (Arena does not currently have a copy);

8. Any and all pleadings, depositions, deposition exhibits, statements and/or discovery obtained in connection with this lawsuit or the alleged May 25, 2015 incident;

9. Any and all pleadings, depositions, statements, or settlement documents related to any and all of plaintiff's prior lawsuit(s) or claim(s), if any;

10. Any and all civil, criminal, or bankruptcy records involving plaintiff;
11. Any and all accident reports, report of injury/illness or reports of investigation concerning plaintiff, Ryan R. Kinnerson, for the alleged incident at issue in this case;

12. Any statement regarding the alleged accident involving Ryan R. Kinnerson on or about May 25, 2015, including the written statement of Ryan R. Kinnerson dated 5/25/15;

13. Any and all documents obtained pursuant to an authorization executed by plaintiff;

14. Any and all documents obtained pursuant to a subpoena;
15. Any and all documents produced in this matter, or referenced in any documents produced in this matter;

16. Any documents or exhibit listed by any other party.

**Texas Crew Boats, Inc.**

1. Vessel or Environmental Incident Report;

2. Near Miss Report or Robert C. Weiss, Jr.;

3. Near Miss Report of Dewey S. Palmer;

4. May 25, 2015 log from the M/V MISS CLAIRE;

5. Sea Tran/Texas Crew Boats Safety Management System Manual;

6. Personnel file and/or employment records from Oceaneering International, Inc.;

7. Medical records from any healthcare provider who treated or examined plaintiff at any time;

8. Records from plaintiff's current or past employers;

9. Plaintiff's tax, Social Security or other earnings records.

9. **Discovery Plan:**

**Petitioner** adopts the court's discovery plan as set forth in this Court's Scheduling Order.

**Arena and Sparrows** do not believe this case will require a specialized discovery plan. With respect to discovery, plaintiff and defendants have propounded Interrogatories and Requests for Production of Documents.

**Texas Crew Boats, Inc.** adopts the discovery plan set forth in the Court's Scheduling Order.

10. **Rule 16 Conference:**

**Petitioner** does not believe that a Rule 16 Conference would be beneficial since discovery is just beginning.

**Arena and Sparrows** - This suit is in the early stages of discovery and no depositions have been taken, thus Arena does not believe that a Rule 16 conference would be beneficial.

**Texas Crew Boats, Inc.** – does not believe that a Rule 16 conference with the assigned magistrate judge would be beneficial at this time.

11. **Consent Trials:**

The parties have been advised of their right to consent to a trial by magistrate judge pursuant to 28 U.S.C. § 636 (c).

**Petitioner** consents to trial by magistrate judge at this time.

**Defendants, Arena, Sparrows & Texas Crew Boats, Inc.** - At this time do not consent to a trial by Magistrate.

12. **Electronic Courtroom:**

Petitioner - At this time does not anticipate this case will be document intensive.

**Arena and Sparrows** - Because discovery is in the early stages and no depositions have been taken, Arena and Sparrows are not in a position to determine whether this case will be document-intensive. However, at this time, Arena and Sparrows do not anticipate the admission of an extensive number of documents at trial. Additionally, Arena and Sparrows are aware that documents and/or exhibits are generally presented to the jury by the use of the "Virtual Presenter" or a CD-ROM, and if necessary, counsel will be prepared to use these methods.

...
...

**Texas Crew Boats, Inc**. – Counsel is familiar with the Court's electronic courtroom requirements and protocol.

13. **Handicap Provisions:**

The parties do not anticipate the need for handicap provisions at this time.

14. **Certification:**

All counsel certify that this report is accurate and complete.

| | |
|---|---|
| 9/30/16 | /s/ *Thomas R. Edwards* |
| DATE | THOMAS R. EDWARDS |
| | |
| 9/30/16 | /s/ *Kevin P. Merchant* |
| DATE | KEVIN P. MERCHANT |
| | |
| 9/30/16 | /s/ *L. Lane Roy* |
| DATE | L. LANE ROY |
| | |
| 9/30/16 | /s/ *Georges M. LeGrand* |
| DATE | GEORGES M. LEGRAND |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>September 30, 2017</u>, a copy of the foregoing <u>Rule 26(f) Report (Phase I)</u> was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing was sent to all known counsel of record by operation of the Court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants: None.

<u>*/s/ Thomas R. Edwards*</u>
THOMAS R. EDWARDS