# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

Kinnerson                                    Civil Action No. 16-00720

versus                                       Unassigned District Judge

Arena Offshore, LP, et al            Magistrate Judge Carol B. Whitehurst

## ORDER

Before the undersigned is an unopposed[1] Rule 12(b)(6) Motion To Dismiss filed by Defendant St. Paul Fire & Marine Insurance Company [Rec. Doc. 54]. For the following reasons, the defendants' motion will be granted.

### I.  Background

This lawsuit concerns an accident that took place in the Gulf of Mexico at Eugene Island Block 338K, which is located 70-85 miles off the shore of Louisiana. *R. 1 at ¶ 3.* Plaintiff alleges that on May 25, 2015, he and several other individuals were being moved from a platform owned by defendant Arena Offshore, LP ("Arena") to a vessel, the M/V Ms. Claire, via the platform's crane. *Id. at ¶ 7.* As the personnel basket approached the vessel, a deckhand on the M/V Ms. Claire grabbed the personnel basket's tag line in order to control its descent. *Id.*

---

[1] On November 20, 2017, Plaintiff, Ryan R. Kinnerson, filed a Certificate Of No Opposition To The Relief Requested By St. Paul Fire & Marine Insurance Company In Its Motion To Dismiss For Failure To State A Claim [Rec. Doc. 54]. *R. 60.*

Shortly thereafter, the tag line broke causing the basket to spin out of control. *Id.* The crane operator, unaware of the spinning basket, continued to lower it to toward the deck of the M/V Ms. Claire. *Id*. As a result, the basket struck the railing on the M/V Ms. Claire allegedly causing the Plaintiff to fall to the deck of the M/V Ms. Claire and sustain injuries. *Id*.

Plaintiff's Complaint asserts a Direct Action claim against St. Paul in its capacity as a liability insurer of Arena. *R. 30 at ¶ 10(B)*. As alleged, St. Paul issued an insurance policy to Arena bearing the policy number ZLP-13T91472-14-N4 for the policy period of November 20, 2014 to November 20, 2015 (the "Policy"). *R. 54-3*.

## II. Rule 12(b)(6) Standard

Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "[t]o survive a

Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.

When deciding a 12(b)(6) motion to dismiss, the court "must consider the complaint in its entirety, as well as ... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("[W]e note approvingly, however, that various other circuits have specifically allowed that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

### III. Analysis

Defendant contends and Plaintiff does not dispute, that Plaintiff's complaint fails to state a claim against St. Paul upon which relief can be granted because the Louisiana Direct Action Statute, La. R.S. 22:1269, is inapplicable to this case as a matter of law. The Court agrees.

The Direct Action Statute applies in cases governed by Louisiana law only if

(1) the accident at issue occurred in Louisiana, or (2) the policy was issued or delivered in Louisiana – neither of which condition is met here. More significantly, because Plaintiff's Complaint asserts a maritime tort,[2] maritime law applies to Plaintiff's claim of its own force. *Hamm v. Island Operating Co., Inc.*, 450 Fed.Appx. 365, 369 (5th Cir. 2011) (citing *Strong v. B.P. Exploration & Prod., Inc.*, 440 F.3d 665, 670 (5th Cir.2006) (holding that because the plaintiff "has alleged a traditional maritime tort, federal maritime law applies of its own force"). The Fifth Circuit has expressly held that the Louisiana Direct Action Statute does not apply in cases governed by maritime law because maritime law is a complete body of law that fully and solely governs such disputes. *See, e.g., Continental Oil Co. v. London Steam-Ship Owners' Mutual Ins. Ass'n*, 417 F.2d 1030 (5th Cir. 1969); *Nations v. Morris*, 483 F.2d 577, 589-590 (5th Cir. 1973) *citing Continental Oil Co.* (Holding that case was clearly a maritime claim under the Extension of Admiralty Jurisdiction Act and the maritime law provided a comprehensive body of law including rights, remedies and procedures for their enforcement, the Direct Action

---

[2] Plaintiff's Complaint alleges:

This case is cognizable under the Admiralty and Maritime jurisdiction pursuant to the General Maritime Law of the United States of America.

Furthermore, this is an admiralty and maritime claim falling within the purview of Rule 9(h) of the Federal Rules of Civil Procedure. Petitioner elects a non-jury trial.

*R. 1 at ¶ 1.*

Statute was unnecessary as there was no gap.").

*IV. Conclusion*

Based on the foregoing, the Court finds the plaintiff's Direct Action claim against St. Paul fails as a matter of law. Accordingly,

**IT IS ORDERED** that the unopposed Rule 12(b)(6) Motion To Dismiss filed by Defendant St. Paul Fire & Marine Insurance Company [Rec. Doc. 54] is **GRANTED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 30th day of November, 2017.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**