UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RYAN KINNERSON | CIVIL ACTION |
| VERSUS | NO. 16-720 |
| ARENA OFFSHORE L.P. ET AL. | SECTION "L" (1) <br> JUDGE ELDON E. FALLON <br> Mag. Judge Van Meerveld |

## ORDER & REASONS

Before the Court is Third Party Defendant Island Operating Company, Inc. ("IOC")'s motion for summary judgment dismissing all claims against it with prejudice. R. Doc. 107. The motion is unopposed. For the reasons that follow, the unopposed motion is GRANTED.

### I. BACKGROUND

This case arises out of injuries Plaintiff Ryan Kinnerson allegedly sustained while working on a fixed platform, owned by Defendant Arena Offshore, LP ("Arena"), off the coast of Louisiana. Plaintiff alleges that he was injured when he was transferred from the platform to the M/V Miss Claire by a temporary crane on the platform.

Arena hired IOC to provide skilled labor operators to assist with the daily operations on the platform. In addition to this ongoing production work, Arena hired several independent contractors to furnish services, personnel, equipment, and materials in order to drill a new well from the platform. Specifically, Arena hired Sparrows Offshore, LLC ("Sparrows") to provide and operate a temporary crane on the platform; Paloma energy Consultants, LP ("Paloma") to provide construction project management, coordination, and inspection services; and Oceaneering International, Inc. ("Oceaneering"), Plaintiff's employer, to provide labor, materials, and supervision. Finally, Arena chartered the M/V Miss Claire, operated and crewed by SeaTran, to transport the material, equipment, and personnel associated with the construction work. These

1

independent contractors were performing separate and distinct services from IOC.

Plaintiff was allegedly injured when he was being transferred in a personnel basket from the platform to the M/V Miss Claire by the Sparrows temporary crane. He alleges that the "personnel basket violently struck the M/V Miss Claire's railing throwing petitioner off the personnel basket onto the deck of the M/V Miss Claire thereby causing petitioner to sustain severe disabling personal injuries." Plaintiff sued Sparrows, Sea Tran, Arena, and Paloma. Paloma filed a third party complaint against IOC, alleging that Plaintiff's injuries were due to the negligence and lack of care of IOC and its employees.

IOC now moves for summary judgment dismissing Paloma's claims against it with prejudice, on the grounds that it had no role in the planning and/or execution of the personnel basket transfer in which Plaintiff was injured. The motion is unopposed.

II. LAW AND ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the

existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

At the time of the accident, IOC did not own or have legal custody of the platform, temporary crane, personnel basket, tag line, M/V Miss Claire, or any other equipment used in the execution of the personnel basket transfer. IOC had no contractual relationship with Sparrows, Paloma, SeaTran, or any other independent contractors engaged in the construction operations. IOC did not coordinate or supervise any of the work being performed by the other independent contractors and was engaged in separate and distinct work on the platform – IOC's personnel were not even approached with the Job Safety Analysis relating to the personnel basket transfer at issue. The evidence shows that IOC had no role in the planning or execution of the personnel basket transfer in which Plaintiff was allegedly inured.

### III. CONCLUSION

For these reasons, IOC's unopposed motion for summary judgment, R. Doc. 107, is **GRANTED**. Paloma's Third-Party Complaint against IOC is hereby **DISMISSED WITH**

**PREJUDICE.**

New Orleans, Louisiana, on this 26th day of February, 2019.

_____
UNITED STATES DISTRICT JUDGE